# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Michael Porter, <br><br>　　　　Plaintiff, <br><br>　vs. <br><br> Experian Information Services, Inc., <br>a foreign corporation, <br>Equifax Information Services, LLC, <br>a Georgia limited liability company, <br>Trans Union, LLC, <br>a Delaware limited liability company, and <br>Pennsylvania Higher Education <br>Assistance Agency, Inc., <br>a foreign corporation, <br><br>　　　　Defendants. | Case No.: <br><br><br><br>**COMPLAINT** <br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, MICHAEL PORTER, THROUGH COUNSEL, DANIEL BRENNAN, ESQ. and for his Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## **VENUE**

3. The transactions and occurrences which give rise to this action occurred in the City of Marietta, Cobb County, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiff is a natural person residing in the City of Marietta, Cobb County, Georgia.

6. The Defendants to this lawsuit are:

   a. Experian Information Services, Inc., ("Experian") which is a foreign corporation that conducts business in the state of Georgia;

   b. Equifax Information Services, LLC, ("Equifax") which is a Georgia limited liability company that conducts business in the state of Georgia;

   c. Trans Union, LLC, ("Trans Union") which is a Delaware limited liability company that conducts business in the state of Georgia; and

   d. Pennsylvania Higher Education Assistance Agency Parents' Association Inc., ("PHEAA") is a foreign corporation that conducts business in the state of Georgia.

## GENERAL ALLEGATIONS

7. PHEAA is a student loan debt servicer for federally owned loans such as Fed Loan Servicing.

8. The below referenced tradelines, as reported by PHEAA on behalf of Fed Loan Servicing, were in forbearance from September 2016 to December 2017 and again from January 2019 to April 2019.

9. PHEAA is inaccurately reporting these tradelines ("Errant Tradelines") on Plaintiff's Experian, Equifax and Trans Union ("CRAs") credit disclosures with incorrectly with late payment remarks when the account in forbearance status and not late:

   a. PHEAA/Fed Loan, Opened 8/2011, Original loan amount: $408.00:
      i. Reported with late payment remarks in March, April and May 2017 on Plaintiff's Experian credit file;
      ii. Reported with late payment remarks in January 2017, February 2017, October 2017, November 2017 and April 2019 on Plaintiff's Equifax credit file;
      iii. Reported with late payment remarks in January 2017, February 2017, March 2017, April 2017, May 2017, October 2017, November 2017 and April 2019 on Plaintiff's Trans Union credit file.

   b. PHEAA/Fed Loan, Opened 8/2011, Original loan amount: $4,092.00:
      i. Reported with late payment remarks in March, April and May 2017 on Plaintiff's Experian credit file;
      ii. Reported with late payment remarks in January 2017, February 2017, October 2017, November 2017 and April 2019 on Plaintiff's Equifax credit file;
      iii. Reported with late payment remarks in January 2017, February 2017, March 2017, April 2017, May 2017, October 2017, November 2017 and April 2019 on Plaintiff's Trans Union credit file;

   c. PHEAA/Fed Loan, Opened 8/2012, Original loan amount: $4,500.00:
      i. Reported with late payment remarks in March, April and May 2017 on Plaintiff's Experian credit file;

    ii.     Reported with late payment remarks in January 2017, February 2017, October 2017, November 2017 and April 2019 on Plaintiff's Equifax credit file:

    iii.    Reported with late payment remarks in January 2017, February 2017, March 2017, April 2017, May 2017, October 2017, November 2017 and April 2019 on Plaintiff's Trans Union credit file:

d. PHEAA/Fed Loan, Opened 8/2012, Original loan amount: $2,000.00:

    i.      Reported with late payment remarks in March, April and May 2017 on Plaintiff's Experian credit file:

    ii.     Reported with late payment remarks in January 2017, February 2017, October 2017, November 2017 and April 2019 on Plaintiff's Equifax credit file:

    iii.    Reported with late payment remarks in January 2017, February 2017, March 2017, April 2017, May 2017, October 2017, November 2017 and April 2019 on Plaintiff's Trans Union credit file:

e. PHEAA/Fed Loan, Opened 8/2013, Original loan amount: $5,500.00:

    i.      Reported with late payment remarks in March, April and May 2017 on Plaintiff's Experian credit file:

    ii.     Reported with late payment remarks in January 2017, February 2017, October 2017, November 2017 and April 2019 on Plaintiff's Equifax credit file:

    iii.    Reported with late payment remarks in January 2017, February 2017, March 2017, April 2017, May 2017, October 2017, November 2017 and April 2019 on Plaintiff's Trans Union credit file:

f. PHEAA/Fed Loan, Opened 8/2013, Original loan amount: $7,000.00:

    i.      Reported with late payment remarks in March, April and May 2017 on Plaintiff's Experian credit file:

    ii.     Reported with late payment remarks in January 2017, February 2017, October 2017, November 2017 and April 2019 on Plaintiff's Equifax credit file:

   iii. Reported with late payment remarks in January 2017, February 2017, March 2017, April 2017, May 2017, October 2017, November 2017 and April 2019 on Plaintiff's Trans Union credit file:

g. PHEAA/Fed Loan, Opened 8/2014, Original loan amount: $5,500.00:

   i. Reported with late payment remarks in March, April and May 2017 on Plaintiff's Experian credit file:
   ii. Reported with late payment remarks in January 2017, February 2017, October 2017, November 2017 and April 2019 on Plaintiff's Equifax credit file:
   iii. Reported with late payment remarks in January 2017, February 2017, March 2017, April 2017, May 2017, October 2017, November 2017 and April 2019 on Plaintiff's Trans Union credit file:

h. PHEAA/Fed Loan, Opened 8/2014, Original loan amount: 7,000.00:

   i. Reported with late payment remarks in March, April and May 2017 on Plaintiff's Experian credit file:
   ii. Reported with late payment remarks in January 2017, February 2017, October 2017, November 2017 and April 2019 on Plaintiff's Equifax credit file:
   iii. Reported with late payment remarks in January 2017, February 2017, March 2017, April 2017, May 2017, October 2017, November 2017 and April 2019 on Plaintiff's Trans Union credit file:

i. PHEAA/Fed Loan, Opened 8/2015, Original loan amount: $1,604.00:

   i. Reported with late payment remarks in March, April and May 2017 on Plaintiff's Experian credit file:
   ii. Reported with late payment remarks in January 2017, February 2017, October 2017, November 2017 and April 2019 on Plaintiff's Equifax credit file:
   iii. Reported with late payment remarks in January 2017, February 2017, March 2017, April 2017, May 2017, October 2017, November 2017 and April 2019 on Plaintiff's Trans Union credit file:

    j. PHEAA/Fed Loan, Opened 8/2015, Original loan amount: $2,041.00:

        i. Reported with late payment remarks in March, April and May 2017 on Plaintiff's Experian file:

        ii. Reported with late payment remarks in January 2017, February 2017, October 2017, November 2017 and April 2019 on Plaintiff's Equifax credit file:

        iii. Reported with late payment remarks in January 2017, February 2017, March 2017, April 2017, May 2017, October 2017, November 2017 and April 2019 on Plaintiff's Trans Union credit file.

10. The Errant Tradelines should be reported by PHEAA without late payment remarks.

11. On May 12, 2020, Plaintiff obtained his credit disclosures from the CRAs and noticed the Errant Tradelines reporting erroneous late payment remarks.

11. On or about August 24, 2020, Plaintiff, through Credit Repair Lawyers of America, submitted letters to the CRAs, disputing the Errant Tradelines.

12. In his dispute letters, Plaintiff explained that the student loan accounts reflected by the Errant Tradelines were in forbearance during the months in which the Errant Tradelines have late payment remarks. Plaintiff asked the CRAs to remove the erroneous late payment remarks on the Errant Tradelines.

13. The CRAs forwarded Plaintiff's consumer dispute to PHEAA.

14. PHEAA received Plaintiff's consumer dispute from the CRAs.

15. In response to Plaintiff's dispute, PHEAA incorrectly verified to the CRAs that its reporting of its Errant Tradelines were accurate.

13. On or about September 16, 2020, Plaintiff received Experian investigation results, which showed that Experian and PHEAA failed or refused to remove the erroneous late payment remarks on the Errant Tradelines.

14. On or about October 23, 2020, Plaintiff obtained his Equifax and Trans Union credit disclosures. The disclosures showed that Equifax, Trans Union and PHEAA failed or refused to remove the erroneous late payment remarks on the Errant Tradelines.

15. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PHEAA

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by the CRAs of Plaintiff's consumer dispute of the erroneous late payment remarks, PHEAA negligently failed to conduct a proper reinvestigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

18. PHEAA negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b). Specifically, it failed to direct the CRAs to remove erroneous late payment remarks on the Errant Tradelines.

19. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with the CRAs to which it is reporting such tradelines.

20. As a direct and proximate cause of PHEAA's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

21. PHEAA is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

22. Plaintiff has a private right of action to assert claims against PHEAA arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant PHEAA for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PHEAA

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, PHEAA willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

25. PHEAA willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 U.S.C. § 1681s-2(b).

26. As a direct and proximate cause of PHEAA's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

27. PHEAA is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant PHEAA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

30. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

31. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

32. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

33. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

34. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

37. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

38. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

39. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

41. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

44. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

45. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

46. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

51. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

52. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

53. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

55. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

56. Plaintiff realleges the above paragraphs as if recited verbatim.

57. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

58. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

59. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

60. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

61. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

62. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

63. Plaintiff realleges the above paragraphs as if recited verbatim.

64. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

65. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

66. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

67. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

68. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

69. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: January 29, 2021

By: */s/ Daniel Brennan*
Daniel Brennan, Esq.
GA Bar Number 271142
Credit Repair Lawyers of America

                                            22142 West Nine Mile Road  
                                            Southfield, MI 48033  
                                            Telephone: (248) 353-2882  
                                            Facsimile: (248) 353-4840  
                                            E-Mail: daniel@crlam.com  
                                            *Attorneys for Plaintiff,*  
                                            *Michael Porter*